UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**15 CV 2486**

BIANCKA DOUGLAS, on behalf of herself and all other
similarly situated employees,

     Plaintiff,

  v.

BRIGHT HORIZONS CHILDREN'S CENTERS LLC,
and BRIGHT HORIZONS CHILDREN'S CENTERS,
INC.

     Defendants.

Case No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**



Plaintiff Biancka Douglas ("Plaintiff"), on behalf of herself and all other similarly situated employees, upon personal knowledge as to herself and upon information and belief to other matters, by and through her undersigned counsel, alleges for her Complaint as follows:

## NATURE OF ACTION

1. Plaintiff brings this action on behalf of herself and all other similarly situated current and former non-exempt hourly paid Associate Teachers, Young Preschool Teachers, and Toddler Teachers ("Hourly Teachers") of Defendant Bright Horizons Children's Centers LLC and Defendant Bright Horizons Children's Centers, Inc. (together "Bright Horizons" or "Defendants"), who worked at any Bright Horizons school in the state of New York. The Defendants in this action, by virtue of their management and control over the wages and work of Defendants' Hourly Teachers, are classified as "employers" under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d) and New York Labor Law ("NYLL") § 190(3).

2. As particularized below, Defendants have engaged and continue to engage in illegal and improper wage practices that have deprived employees of millions of dollars in wages

and overtime compensation.  These practices include: (a) improperly penalizing Hourly Teachers by configuring the time clocks to round down and artificially reduce the amount of time Hourly Teachers are credited with performing work at the Defendants' schools; (b) improperly paying Hourly Teachers based upon their schedules instead of the actual amount of time worked (c) failing to compensate Hourly Teachers for work performed during uncompensated meal breaks; (d) failing to compensate Hourly Teachers for work performed while off-the-clock before the start of their shifts; (e) failing to compensate Hourly Teachers for work performed while off-the-clock after the end of their shifts; (f) failing to compensate Hourly Teachers for all hours worked up to forty (40) in a week at the straight or agreed upon rate; (g) failing to compensate Hourly Teachers for overtime worked at a rate of time and one-half their regular rate of pay for all hours worked over forty (40) in a week; and (h) failing to provide accurate wages statements and/or notices.  Upon information and belief, these illegal practices and policies are uniform throughout Defendants' New York schools and have been known to the Defendants for years.  For these reasons, Plaintiff brings this action on behalf of herself and all other Hourly Teachers of Defendants to recover unpaid wages, overtime compensation, liquidated damages, injunctive and other equitable relief and reasonable attorneys' fees and costs under the FLSA §§ 201, *et. seq.*, and under the NYLL, §§ 190, *et. seq.,* §§ 650, *et seq.,* § 663(1), and its supporting regulations 12 NYCRR § 142-2.2.

## JURISDICTION AND VENUE

3.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, the FLSA, 29 U.S.C. §216(b).

4.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law wage and hour claims pursuant to the NYLL because those claims derive from a common

nucleus of operative fact.

5.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

## THE PARTIES

### Plaintiff

6.      Plaintiff resides in New York County, New York.  Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203 and NYLL § 190.

7.      Plaintiff was jointly employed by Defendants from on or about October 21, 2012 until on or about December 11, 2014.  Plaintiff was initially employed by Defendants as an Associate Teacher.   In or around December of 2013, Plaintiff was promoted to a Young Preschool Teacher.  In or around February of 2014, Plaintiff was promoted to a Toddler Teacher. At all times during her employment with Defendants, Plaintiff was a non-exempt hourly paid employee.

8.      Plaintiff worked at Defendants' school located at 910 9th Ave. New York, NY 10019.

9.      Plaintiff's job duties at Defendants were all of a non-exempt nature and included, but were not limited to, teaching students, greeting students, meeting with parents, researching for lesson plans, making lesson plans, updating student profiles, and cleaning and preparing the classroom for the next morning.

10.      Because of Defendants' improper wage policies and practices, Plaintiff was deprived of wages as required by the FLSA and NYLL.  Defendants promised to pay Plaintiff an hourly rate throughout her employment.  As such Plaintiff's initial hourly rate was approximately

$11.50, and after Plaintiff received a raise in or around February of 2014, Plaintiff's hourly rate was approximately $13.   Defendants, however, failed to pay Plaintiff for all hours worked including overtime of time and one-half her regular rate of pay for all hours worked over forty (40) in a week.

11.     Plaintiff was subjected to Defendants' unlawful policy of improperly penalizing Hourly Teachers by configuring the time clocks to round down and artificially reduce the amount of time Hourly Teachers are credited with performing work at the Defendants' schools.  Work performed by Plaintiff without compensation due to this improper rounding, included, but was not limited to, greeting students and meeting with parents.

12.     Plaintiff's schedule was to work forty (40) hours per week at Defendants.   On average, Plaintiff was required by Defendants to work through approximately thirty (30) to forty five (45) minutes of a one (1) hour meal break approximately three (3) times per week without compensation.  Such uncompensated work while off-the-clock during meal breaks, included but was not limited to, researching for lesson plans, making lesson plans, and updating student profiles.

13.     Upon information and belief, Defendants paid Plaintiff based upon her schedule and not for the actual amount of time worked.  Plaintiff was also required by Defendants to work off-the-clock after the end of her shift.  As such, Plaintiff was required to work after the end of her shift without compensation for approximately two (2) to four (4) times per week for approximately ten (10) to thirty (30) minutes each.  These after-shift duties were integral and indispensable to her duties of teaching Defendants' students.  Such uncompensated work after the end of her shift, included but was not limited to, teaching students until parents pick them up, preparing for the next day's lesson, and cleaning and preparing the classroom for the next

morning.

14.    By way of example, during the week of on or about October 13, 2014 to on or about October 17, 2014, Plaintiff worked for more than forty (40) hours during the week. During this week, as a result of Defendants' improper rounding down of the amount of time that Plaintiff was clocked into work, Plaintiff performed work at the start of her shift without compensation for approximately five (5) minutes during each of approximately two (2) shifts. Work performed by Plaintiff during this uncompensated rounding period included but were not limited to: greeting students and meeting with parents.   This off-the-clock work performed during Defendants' unlawful rounding periods was significant, integral and indispensable to the performance of job related duties, was not a de minimis task or request and was predominantly for Defendants' benefit.   During this same week, Plaintiff was required by Defendants to work through approximately thirty (30) to forty five (45) minutes of her meal break without any compensation during each of approximately three (3) shifts.   Work performed by Plaintiff during these uncompensated meal breaks included but were not limited to: researching for lesson plans, making lesson plans, and updating student profiles.   This off-the-clock work performed during Plaintiff's meal breaks was significant, integral and indispensable to the performance of job related duties, was not a de minimis task or request and was predominantly for Defendants' benefit.   During this same week of approximately October 13, 2014 to October 17, 2014, Plaintiff was required by Defendants to work after the end of approximately four (4) shifts without compensation for a total of approximately one (1) hour and thirty (30) minutes to two (2) hours.   Work performed by Plaintiff after the end of her shift without compensation during this week included but were not limited to: teaching students until parents pick them up, preparing for the next day's lesson, and cleaning and preparing the classroom for the next morning.   This

off-the-clock work performed by Plaintiff after the end of her shift was significant, integral and indispensable to the performance of Plaintiff's job related duties of teaching Defendants' students, was not a de minimis task or request and was predominantly for Defendants' benefit. Thus, because of Defendants' improper compensation policies, during the week of on or about October 13, 2014 to on or about October 17, 2014, Plaintiff was deprived of approximately three (3) hours ten (10) minutes to four (4) hours and twenty five (25) minutes of uncompensated overtime, resulting in her working approximately forty three (43) hours and ten (10) minutes to forty four (44) hours and twenty five (25) minutes that week.

15.     Plaintiff was also required to perform work while off-the-clock prior to the start of her shift.  For example, during the week of on or about November 4, 2013 to on or about November 8, 2013, Plaintiff was required to work approximately thirty (30) hours.  During this week, Plaintiff was required to work before the start of her shift without compensation in order to complete training for thirty (30) minutes during each of two (2) shifts.  These before-shift duties were significant, integral and indispensable to Plaintiff's duties of teaching Defendants' students, were not a de minimis task or request and were predominantly for Defendants' benefit. Thus, because of Defendants' improper compensation policies, during the week of on or about November 4, 2013 to on or about November 8, 2013, Plaintiff was deprived of approximately one (1) hour of wages at the straight or agreed-upon rate.

**Defendants**

16.     Defendants were and are a Delaware Limited Liability Company.  Defendants operates a school at 910 9th Ave. New York, NY 10019.  Defendants functioned as the joint "employers," of the Plaintiff and similarly situated Hourly Teachers within the meaning of the FLSA and NYLL.

17.     Upon information and belief, at all relevant times, Defendants maintained control, oversight, and direction over the Plaintiff and similarly situated Hourly Teachers regarding time keeping, payroll, and other employment practices applicable to them.  The wage and hour and all related employee compensation policies of Defendants was and is centrally and collectively dictated, controlled, and ratified.  Plaintiff was provided a copy of the Bright Horizons Employee Handbook which states, "…this handbook reflects company-wide policies…"  This Handbook also refers employees with questions to call a toll-free telephone number for "the human resources team."

## FACTUAL ALLEGATIONS

18.     As a result of Defendants' improper wage policies and practices, Plaintiff and the similarly situated Hourly Teachers have been deprived of wages as required by the FLSA and NYLL.

19.     Defendants improperly penalize Hourly Teachers by configuring the time clocks to round down and artificially reduce the amount of time Hourly Teachers are credited with performing work at the Defendants' schools.   Accordingly, upon information and belief, Defendants have configured their time keeping software to their benefit and to the detriment of their Hourly Teachers by not averaging out the rounded time.  In fact, upon information and belief, the rounding does not benefit Hourly Teachers and instead benefits Defendants.  As such, Defendants' rounding practice unfairly favors Defendants versus the Hourly Teachers subject to the rounding policy.  This rounding policy artificially reduces the total time Hourly Teachers are credited with working at Defendants' schools.

20.     Upon information and belief, Defendants maintained an unlawful policy of paying Plaintiff and the Hourly Teachers based upon their schedules and not based upon their actual