amount of hours worked.

21.    Defendants maintained an unlawful policy under which they failed to compensate Plaintiff and the similarly situated Hourly Teachers for time spent working during meal breaks. Such work performed by Plaintiff and the similarly situated Hourly Teachers during these uncompensated meal breaks was at the request of and for the benefit of Defendants.

22.    Defendants maintained an unlawful policy under which they failed to compensate Plaintiff and the similarly situated Hourly Teachers for work performed while off-the-clock after the end of their shift.  Such work performed by Plaintiff and the similarly situated Hourly Teachers after the end of their shifts without compensation was at the request of and for the benefit of Defendants.  All work performed by Plaintiff and the similarly situated Hourly Teachers after the end of their shift without compensation was significant, integral and indispensable to the performance of their job related duties of teaching Defendants' students.

23.    Defendants maintained an unlawful policy under which they failed to compensate Plaintiff and the similarly situated Hourly Teachers for work performed while off-the-clock before the start of their shift.  Such work performed by Plaintiff and the similarly situated Hourly Teachers before the start of their shifts without compensation was at the request of and for the benefit of Defendants.  All work performed by Plaintiff and the similarly situated Hourly Teachers before the start of their shift without compensation was significant, integral and indispensable to the performance of their job related duties of teaching Defendants' students.

24.    Defendants' failure to pay Plaintiff and other Hourly Teachers for all straight or agreed upon wages is in violation of the NYLL and Defendant's failure to pay Plaintiff and other Hourly Teachers for all overtime wages of time and one-half their regular rate of pay for all hours worked over forty (40) in a week is in violation of the FLSA and NYLL.

## FAIR LABOR STANDARDS ACT COLLECTIVE ACTION ALLEGATIONS

25.   The preceding paragraphs are incorporated by reference as if fully set forth herein.

26.   Plaintiff brings this FLSA collective action on behalf of herself and all other persons similarly situated pursuant to 29 U.S.C. §216(b), consisting of:

> All Associate Teachers, Young Preschool Teachers, and Toddler Teachers ("Hourly Teachers") who worked for Defendants in the State of New York and who are or were employed by Defendants at any time within the three years preceding the filing of this action up until the time that the practices complained of are discontinued and who: (a) were not fully compensated for work performed while on-the-clock; (b) were not fully compensated for work performed during uncompensated rounding periods; (c) were not fully compensated for work performed while off-the-clock during meal breaks; (d) were not fully compensated for work performed while off-the-clock after the end of their shift; (e) were not fully compensated for work performed while off-the-clock before the start of their shift; and/or (f) were not fully compensated for time worked over forty (40) hours in a week at overtime rates of time and one-half their regular rate of pay.  (the "FLSA Collective Class").

27.   Excluded from the FLSA Collective Class are the Defendants, their legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in Defendants.  Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the FLSA Collective Class.

28.   Plaintiff is unable to state the exact number of the class without discovery of Defendants' books and records but estimates the class to exceed forty (40) individuals.

29.   Defendants failed to pay Plaintiff and the FLSA Collective Class for time worked during periods in which Defendants rounded down the amount of time Plaintiff and the FLSA Collective Class worked.

30.     Defendants improperly paid Plaintiff and the FLSA Collective Class based upon their schedules and not based upon their actual amount of time worked.

31.     Defendants failed to pay Plaintiff and the FLSA Collective Class members for time worked during uncompensated meals breaks.

32.     Defendants failed to pay Plaintiff and the FLSA Collective Class members for time worked while off-the-clock after the end of their shift.

33.     Defendants failed to pay Plaintiff and the FLSA Collective Class members for time worked while off-the-clock before the start of their shift.

34.     Defendants failed to pay Plaintiff and the FLSA Collective Class members overtime pay of time and one-half their regular rate of pay for hours worked over forty (40) in a workweek.

35.     Upon information and belief, all of the work that Plaintiff and the FLSA Collective Class members performed was assigned by Defendants and/or Defendants have been aware of such.

36.     Defendants' unlawful conduct has been widespread, repeated and consistent. Moreover, Defendants' conduct was willful and in bad faith and has caused significant damages to Plaintiff and the FLSA Collective Class.

37.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective Class, and, as such, notice should be sent out to the FLSA Collective Class.   There are numerous similarly situated, current and former Hourly Teachers of the Defendants who have been denied wages in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the action.   Those similarly situated employees are known to the Defendants and are readily

identifiable through Defendants' records.

## NEW YORK CLASS ACTION ALLEGATIONS

38.     The preceding paragraphs are incorporated by reference as if fully set forth

herein.

39.     Plaintiff brings this action on their own behalf and as a class action pursuant to

Rule 23 of the Federal Rules of Civil Procedure of a Class consisting of:

> All Associate Teachers, Young Preschool Teachers, and Toddler
> Teachers ("Hourly Teachers") who worked for Defendants in the
> State of New York, who are or were employed by Defendants at
> any time within the six years preceding the filing of this action up
> until the time that the policies complained of are discontinued (the
> "Class Period") and who: (a) were not fully compensated for work
> performed while on-the-clock; (b) were not fully compensated for
> work performed during uncompensated rounding periods; (c) were
> not fully compensated for work performed while off-the-clock
> during meal breaks; (d) were not fully compensated for work
> performed while off-the-clock after the end of their shifts; (e) were
> not fully compensated for work performed while off-the-clock
> before the start of their shifts; (f) were not fully compensated at the
> straight or agreed upon rate for time worked up to forty hours in a
> week; (g) were not fully compensated for time worked over forty
> hours in a week at overtime rates of time and one-half their regular
> rate of pay and/or (h) were not provided accurate wage statements
> and/or notices.  (the "New York Class").

40.     Excluded from the New York Class are the Defendants, their legal

representatives, officers, directors, assigns, and successors, or any individual who has, or had a

controlling interest in Defendants.  Also excluded are persons and entities who submit timely and

otherwise proper requests for exclusion from the New York Class.

41.     During the Class Period, upon information and belief, Defendants employed over

forty (40) Hourly Teachers in Defendants' New York schools and systematically failed and

refused to pay them for all compensable hours worked.  The New York Class members are so

numerous that joinder of all members in one proceeding is impracticable.

42.     Plaintiff's claims are typical of the claims of other New York Class members because they were Hourly Teachers who were required to work without compensation during rounding periods, who were required to work without compensation during meal breaks, who were required to work without compensation after the end of a shift, who were required to work without compensation before the start of a shift, who were paid based upon their schedule and not the actual amount of time worked, who were not paid compensation at the straight or agreed upon rate for hours worked under forty (40) in a week, who were not paid overtime compensation of time and one-half their regular rate of pay for all hours worked over forty (40) in a workweek, and/or who were not provided accurate wage statements and/or wage notices. Plaintiff and other New York Class members have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiff and other New York Class members have been injured in that they have been uncompensated or undercompensated due to Defendants' common policies, practices, and patterns of conduct.

43.     Plaintiff will fairly and adequately protect the interests of the New York Class. Plaintiff has retained counsel competent and experienced in complex class action and wage and hour litigation.  There is no conflict between the Plaintiff and the New York Class.

44.     Common questions of law and fact exist as to the New York Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

      a.     Whether Defendants improperly paid Plaintiff and the New York Class based upon their schedules and not based upon their actual amount of time worked;

b.      Whether Defendants maintain a policy or practice of paying Plaintiff and the New York Class based upon their schedules and not based upon their actual amount of time worked;

c.      Whether Defendants failed to pay Plaintiff and the New York Class for time worked during periods in which Defendants rounded down the amount of time Plaintiff and the New York Class worked;

d.      Whether Defendants maintain a policy of rounding down and artificially reducing the amount of time Hourly Teachers are credited with performing work at the Defendants' schools;

e.      Whether Defendants failed and/or refused to pay Plaintiff and the New York Class for work performed while off-the-clock during meal breaks;

f.      Whether Defendants failed and/or refused to pay Plaintiff and the other New York Class Members for work performed while off-the-clock after the end of their shift;

g.      Whether Defendants failed and/or refused to pay Plaintiff and the other New York Class Members for work performed while off-the-clock before the start of their shift;

h.      Whether the Defendants failed and/or refused to pay Plaintiff and the other New York Class Members at their straight or agreed-upon rate for all hours worked under forty (40) in a workweek in violation of the NYLL;

i.      Whether Defendants correctly compensated members of the New York Class for all hours worked in excess of forty (40) per workweek;

j.   Whether Defendants failed and/or refused to pay Plaintiff and the New York Class overtime pay of time and one-half their regular rate of pay for all hours worked over forty (40) in a workweek in violation of the NYLL;

k.   Whether Defendants failed to keep true and accurate time records for all hours worked by their employees as required by New York Labor Law §§ 190 *et seq.* and 650 *et seq.*;

l.   Whether Defendants failed to comply with the posting and notice requirements of the NYLL;

m.   Whether Defendants failed to provide Plaintiff and the New York Class members with an accurate wage notice, containing, Plaintiff and the New York Class members' rate or rates of pay and overtime rate or rates of pay as required by New York Labor Law § 195(1);

n.   Whether the Defendants failed to provide Plaintiff and the New York Class Members with accurate statements with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195(3);

o.   Whether Defendants engaged in a pattern and/or practice in New York of forcing, coercing, and/or permitting Plaintiff and New York Class members to perform work for Defendants' benefit which was not compensated;

p.   Whether Defendants' policy of failing to pay Hourly Teachers was done willfully or with reckless disregard of the law;