UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BIANCKA DOUGLAS, on behalf of herself and all other similarly situated employees,

        Plaintiff,

-against-

BRIGHT HORIZONS CHILDREN'S CENTERS LLC and BRIGHT HORIZONS CHILDREN'S CENTERS, INC.,

        Defendants.

Case No. 15 CV 2486 (ALC)(JLC)

**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

---

    This Settlement Agreement and Release of Claims ("Agreement") is made and entered into by and between Plaintiff Biancka Douglas ("Douglas" or "Plaintiff") on the one hand and Bright Horizons Children's Centers LLC[1] ("Bright Horizons" or "Defendant"), and for the benefit of all of its parent(s), subsidiaries, divisions, affiliates and other related entities, and all of its incumbent and former officers, directors, owners, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, executors, assigns and representatives, in their individual and/or representative capacities (hereinafter referred to collectively as "Releasees").

    **WHEREAS**, Douglas filed a civil lawsuit against Bright Horizons and Bright Horizons Children's Center, Inc. in the United States District Court for the Southern District of New York entitled *Biancka Douglas et al. v. Bright Horizons Children's Centers LLC and Bright Horizons Children's Center, Inc., Case No. 15 CV 2486*, alleging that the named defendants violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by failing to pay her and purportedly similarly situated hourly employees overtime wages, wages for all hours worked, and for failing to provide her with proper wage statements and/or wage notices (hereinafter "the Lawsuit");

    **WHEREAS**, Bright Horizons denies that it has violated any federal, state, or local law; breached any contract; violated or breached any duty; engaged in any misrepresentation or deception; or engaged in any other unlawful conduct with respect to its employees, including but not limited to, the allegations made by Douglas in the Lawsuit;

    **WHEREAS**, Douglas's attorneys have analyzed and evaluated the merits of the claims made against Bright Horizons in the Lawsuit and the impact of this Agreement on Douglas. Based upon their analysis and evaluation of several factors, and recognizing the substantial risks of continued litigation, including the possibility that, if not settled now, the Lawsuit may not result in any recovery whatsoever, or may result in a recovery that is less favorable to Douglas,

---

[1] Bright Horizons Children's Centers, Inc. is not an existing entity and is incorrectly named in this lawsuit.

Douglas's attorneys are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in Douglas's best interest;

**WHEREAS**, Douglas and Bright Horizons (collectively, the "Parties") desire to resolve all disputes between them without the burden, expense, and risk associated with further litigation;

**NOW, THEREFORE**, in consideration of the foregoing, and other good and valuable consideration, the Parties agree as follows:

1. **Settlement Payments**: (a) As consideration for Douglas entering into this Agreement and in full and complete accord and satisfaction of all her asserted and unasserted claims against the Releasees, Bright Horizons shall pay the total, gross sum of Twenty-Four Thousand Five Hundred Dollars ($24,500) within ten (10) business days after the latest to occur of the following: (a) counsel for Bright Horizons' receipt of this Agreement bearing Douglas's original signature on the last page; (b) counsel for Bright Horizons' receipt of IRS Forms W-4 and W-9 bearing Douglas's original signature; (c) counsel for Bright Horizons' receipt of IRS Forms W-9 from Louis Ginsberg Law Offices; and (d) counsel for Bright Horizons' receipt of a Stipulation of Dismissal with Prejudice of the Lawsuit, attached hereto as Exhibit A, executed by Douglas's attorneys. Plaintiff's counsel agrees to hold the settlement checks in escrow until the Court dismisses the Lawsuit with prejudice. The parties agree that this consideration shall be provided through the following three payments delivered to Louis Ginsberg, Louis Ginsberg Law Offices, 1613 Northern Blvd, Roslyn, NY 11576:

   (i) the first payment shall be made by check payable to "Biancka Douglas" in the gross amount of $7,921.06, and will be considered taxable wages, and shall be made net of all applicable standard payroll deductions, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, for which IRS Form W-2 will be issued to Douglas;

   (ii) the second payment shall be made by check payable to "Biancka Douglas" in the gross amount of $7,921.07, and shall be for alleged liquidated damages and interest and will be reported as such to Douglas on an IRS Form 1099; and

   (iii) the third payment shall be made by check payable to "Louis Ginsberg Law Offices" in the gross amount of $8,657.87 and shall be deemed payment for all of Douglas's costs, disbursements and attorneys' fees, for which IRS Forms 1099 shall be issued as required.

   (b) Plaintiff acknowledges and agrees that Bright Horizons has made no representations regarding the tax consequences of the foregoing payments. She acknowledges that if it is determined by any federal, state, or local government agency or court that any taxes should have been withheld or paid by her or Bright Horizons on any monies paid pursuant to this Agreement, the payment of such taxes and any related interest, assessments, or penalties shall be her sole responsibility and Douglas agrees to fully indemnify Bright Horizons and hold it harmless from the assessment of any such taxes, assessments, interest and/or penalties. Douglas

further agrees that the net proceeds received by her after the payment of any such taxes, interest, and penalties on the monies paid pursuant to this Agreement shall be deemed full payment, satisfaction, discharge, compromise, and release of and from all matters released by this Agreement to the same extent as if no such taxes, interest, or penalties were paid. If any governmental authority audits or questions the reporting of any payments provided under this Agreement, Douglas agrees to provide all necessary support for the foregoing payment allocation and classification and to cooperate to the full extent requested in any proceedings before said authority.

2. **Full Payment And No Monies Owed:** Douglas agrees and affirms that the payments described in Paragraph 1 above constitute adequate consideration for the release of claims described in Paragraph 3, constitute the entire amount of monetary consideration provided to her and her legal counsel under this Agreement, and that neither Douglas nor her counsel will seek any further compensation for any other claimed damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement or any aspect of Douglas's employment with Bright Horizons, or the separation of that employment. Douglas further agrees and affirms that the payments provided for in Paragraph 1 constitute the entire, maximum, and only financial obligation of Bright Horizons to Douglas under this Agreement, and that she has been paid and/or has received all compensation, wages, bonuses, commissions, leave (paid or unpaid), and/or benefits to which she may be entitled and that no other compensation, wages, bonuses, commissions, other leave (paid or unpaid), and/or benefits are due to her.

3. **Release and Covenant Not to Sue:**

(a) Douglas hereby irrevocably and unconditionally releases and forever discharges Releasees from any and all charges, complaints, claims, and liabilities of any kind whatsoever which Douglas at any time has, had, or claimed to have against Releasees regarding events that have occurred from the beginning of the world through the date of her execution of this Agreement, which relate in any matter to the claims asserted in the Lawsuit or any wage and hour related claims, including any claims under the Fair Labor Standards Act or the New York Labor Law (the "Released Claims") or any claim for attorneys' fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description related to the Released Claims, whether arising in law or equity, except for claims to enforce this Agreement.

(b) Except as otherwise provided in Paragraph 4 of this Agreement, Douglas agrees and covenants not to file any action, suit, complaint, claim, grievance, demand for arbitration or other proceeding against any of the Releasees, either individually or as a member of a class in any class or collective action, in any court or other forum with regard to any of the Released Claims. Except for the Lawsuit, and as otherwise provided in Paragraph 4 of this Agreement, Douglas hereby represents that no action, suit, complaint, claim, grievance, demand for arbitration or other proceeding is pending against Releasees in any court or other forum relating directly or indirectly to Douglas's employment with Bright Horizons, separation from that employment, or otherwise. Douglas represents that she has no claims pending against any of the Releasees, except for the Lawsuit and that she is not aware of any other claims against Releasees that could have been asserted in the Lawsuit. Douglas further agrees that she will not encourage

any other individual to pursue wage and hour claims against Bright Horizons and/or any of the Releasees.

(c) Except as provided in Paragraph 4 of this Agreement, Douglas waives any right to become, and promises not to voluntarily become, a member of any class in a case in which any Released Claims are asserted against any of the Releasees involving any act or event occurring from the first day of the world through the date of her execution of this Agreement. If any Released Claim is brought on behalf of Douglas against any of the Releasees involving any events occurring from the first day of the world through the date of Douglas's execution of this Agreement, or if Douglas learns that she is named as a member of any class in a case in which any Released Claims are asserted against any of the Releasees involving any events occurring from the first day of the world through the date of her execution of this Agreement, then Douglas shall (a) promptly provide written notification of said claim, to Barbara A. Gross, Esq., Littler Mendelson, P.C., 900 Third Avenue, New York, New York 10022; (b) withdraw in writing and with prejudice from said claim or class; and (c) forward a copy of her withdrawal to Barbara A. Gross, Esq., Littler Mendelson, P.C., 900 Third Avenue, New York, New York 10022.

4. **Exceptions to Release:** The Release in Paragraph 3 of this Agreement does not affect or limit: (1) a claim that may arise after the date Douglas signs this Agreement; (2) the Parties' rights to enforce the terms of this Agreement; (3) Douglas's rights to any vested benefits to which she is entitled; (4) Douglas's rights to receive benefits for occupational injury or illness under the Workers' Compensation Law and to receive unemployment benefits (as decided by the State of New York); or (5) any other claims that, under controlling law, may not be released by this Agreement. In addition, nothing in this Agreement waives or limits Douglas's rights to file a charge with the Equal Employment Opportunity Commission or a similar state or local agency, or with the National Labor Relations Board, or to provide information to or assist such agency in any proceeding, provided, however, that Douglas hereby agrees that by signing this Agreement, she relinquished any right to receive any personal monetary relief or personal equitable relief with respect to any claim filed by her or on her behalf.

5. **Withdrawal of Existing Litigation:** Douglas agrees to withdraw, with prejudice, the Lawsuit and to fully execute any and all documents required by the United States District Court, Southern District of New York, to effectuate that withdrawal including the Stipulation of Dismissal with Prejudice attached as Exhibit A.

6. **Conditions Precedent to the Effectiveness of this Agreement:** This Agreement shall become final and effective upon submission to the Court of the Stipulation of Dismissal With Prejudice for the Lawsuit attached hereto as Exhibit A and the Court's so-ordering of the same.

7. **No Admission of Wrongdoing:** This Agreement and compliance with this Agreement shall not be construed as an admission by Bright Horizons or Releasees of any liability whatsoever, or of any violation of any statute, duty, contract, right, or order. Bright Horizons has consistently denied, and continues to deny, every allegation of wrongdoing made by Douglas, and has agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

8. **Modification of the Agreement:** This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Douglas and Bright Horizons.

9. **Headings**: The headings in this Agreement are for the convenience of the Parties and are not intended to modify the terms of the Agreement.

10. **Severability**: Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be wholly or partially illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term or provision shall be deemed not to be a part of this Agreement. If, as a result of any legal proceeding Paragraph 3 of this Agreement is determined by any court of competent jurisdiction to be unlawful or unenforceable, the Parties will use their best efforts to modify Paragraph 3 to make it lawful and enforceable, provided however that if those efforts fail, this Agreement shall be null and void and the Parties shall be restored to the *status quo ante* and the Settlement Amount returned in full within thirty (30) days of such adjudication.

11. **Governing Law:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.

12. **Medicare**: Douglas warrants that she is not a Medicare beneficiary as of the date of this Agreement. Because Douglas is not a Medicare recipient as of the date of this Agreement, Medicare has made no payments to Douglas, and Medicare will not assert a lien against this settlement.

13. **Warranties And Representations**: With respect to themselves, each of the Parties to this Agreement and/or their agents or counsel represent, covenant and warrant that (a) they have full power and authority to enter into and consummate all transactions contemplated by this Agreement and have duly authorized the execution, delivery and performance of this Agreement, and (b) the person executing this Agreement has the full right, power and authority to enter into this Agreement on behalf of the Party for whom he/she has executed this Agreement, and the full right, power and authority to execute any and all necessary instruments in connection herewith, and to fully bind such Party to the terms and obligations of this Agreement.

14. **Review and Consideration.** Douglas acknowledges that she has been provided with a reasonable time after receiving this Agreement to review and consider it, discuss it with an attorney of her own choosing, decide whether to sign it, and return it. If Douglas signs this Agreement before consulting with an attorney or without considering the Agreement, then (i) she expressly acknowledges that the Releasees did not ask or require her to do so; and (ii) she expressly waives any claim that she did not have a reasonable time period to consider it.

15. **Complete Agreement:** This Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior or contemporaneous agreements or understandings between them. This Agreement may not be altered, amended, modified,